## NICKERSON v. CROOK et al.

*(Circuit Court, D. Washington, W. D.   March 4, 1891.)*

REMOVAL OF CAUSES—DIVERSE CITIZENSHIP.
   A case commenced in a court of Washington territory, and which was pending at the time of the admission of the state of Washington into the Union, and involving only a controversy between citizens of a state and citizens of said territory, does not, on account of the diverse citizenship of the parties, come within the jurisdiction of a United States circuit court, and is not transferable thereto, unless the jurisdiction can be predicated upon some other ground.

*(Syllabus by the Court.)*

At Law.

*Town & Likens,* for plaintiff.

*Calkins & Shackleford,* for Mrs. Crook.

*Doolittle, Pritchard & Stevens, Carroll, Coiner & Davis,* and *G. S. Groscup,* for other defendants.

HANFORD, J. By a stipulation of the parties this case was transferred to this court from the superior court of Pierce county. In doing so it was assumed that this court would have jurisdiction by reason of the fact that the plaintiff is a citizen of the state of Pennsylvania, and the defendant Mrs. Crook is a citizen of the state of Maryland, and the other defendants are all citizens of the state of Washington. The case was commenced in a territorial district court, and was pending at the time of the admission of the state of Washington into the Union. Whether it is one of which this court is given jurisdiction is a question requiring for an answer a true interpretation of section 23 of the enabling act. 25 St. U. S. 683. Between the plaintiff and Mrs. Crook there appears to be no controversy; certainly no separate and severable controversy. The other defendants are all citizens of the state of Washington, and were at the time the suit was commenced residents of the territory of Washington,

and not citizens of any state; so at that time the case was not one involving a controversy between citizens of different states, and not cognizable in a circuit court of the United States on the ground of the diverse citizenship of the parties. There is no other ground apparent upon which the jurisdiction of this court can be predicated, and it is my opinion that the court is without jurisdiction, and the case must be remanded to the superior court of Pierce county, for it is not to be regarded as if it were one commenced since the real defendants acquired their *status* as citizens of a state. The important fact cannot be overlooked that the case was pending at the time of the admission of the state. It is one of the cases controlled by section 23 of the enabling act, and, as that section expressly refers to the time of the commencement of the suit, and prescribes as the test of jurisdiction the question whether at that time the case was, on account of the parties or the nature of the questions in dispute, cognizable in the national courts, I cannot feel warranted in maintaining the jurisdiction on the ground that, by reason of a change in the *status* of the parties at a subsequent time, the case has become so changed in its character as to be now within the jurisdiction of a circuit court of the United States, although not so at the time of its commencement. To say that the supposed existence of the court presupposes the existence of the state, and that if the court had been in existence when the case was commenced there would have been a state of Washington, of which the real defendants would have been citizens, and therefore the case would have been one of which the court might have had jurisdiction, is but another way of saying that, if the facts were different from what they are in this case, it might have been within the jurisdiction. The court, however, is bound to deal with the actual facts, and declare the law applicable thereto, and to interpret the law fairly according to the intent of the legislature, in harmony with the language in which it is enacted; and it is not permissible by construction to make a law different from what the law-making power has made it.

I am aware that in the cases of *Herman* v. *McKinney*, 43 Fed. Rep. 689, and *Dorne* v. *Mining Co.*, Id. 690, the circuit court of South Dakota has decided this question differently, and in the opinions rendered by Judges SHIRAS and EDGERTON the opposite view has been ably argued. But, on the other hand, in *Strasburger* v. *Beecher*, 44 Fed. Rep. 209, the circuit court of Montana has also passed upon the question, and, as I consider, in deciding contrary to the South Dakota cases Judge KNOWLES has simply given effect to the law according to its words.

The demurrer interposed by certain of the defendants after filing an answer in this court will be overruled, because out of time, and an order will be entered upon the court's own motion, remanding the case to the superior court of Pierce county.